STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. MAUREEN ALEMAN, DEFENDANT-APPELLANT.

Argued November 19, 1974—Decided February 10, 1975.

*Mr. Jaspér J. Jackson,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Lowell Espey* (Deputy Attorney General, argued the cause for respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

The opinion of the Court was delivered by

SULLIVAN, J. Defendant pleaded guilty to a charge of the abandonment of her three-year-old son. The State recommended a non-custodial sentence. However, the trial court sentenced defendant to 364 days in the county jail, nine months of which were to be served, and the balance sus-

pended with defendant put on probation for two years. In requiring defendant to serve some custodial sentence followed by two years of probation, the trial court stated that it was for defendant's own good, that she needed help and that it was sending her to an institution where there were facilities that could take care of her problems. (Defendant has an admitted alcohol problem.)

The defendant appealed solely on the ground of excessive sentence. The Appellate Division in a majority opinion affirmed, finding no mistaken exercise of discretion in the sentence imposed. One judge dissented on the ground that the sentence was excessive, unduly punitive and served no societal purpose. Defendant appealed to this Court as of right, *R.* 2:2–1(a)(2), and bail has been continued in the interim. During the pendency of this appeal we granted defendant the right to supplement the record to show that she has voluntarily submitted to treatment as a resident patient on the psychiatric service of Bergen Pines Hospital and is participating in the alcoholism therapy program there. The progress report on her cautioned that any form of punitive action or restraint had "no place or theapeutic value in the management of this situation."

At the time sentence was imposed on defendant, the trial court carefully evaluated all of the factors and fashioned a sentence which it conceived was best suited to defendant's then needs. We find no abuse of discretion in the sentence imposed. As to matters which have developed since then, while the State at oral argument of this appeal conceded that present circumstances warrant the suspension of the entire sentence imposed on defendant, we prefer not to attempt to revise the sentence on the *ex parte* supplemental record presented to us. The trial judge is in a more advantageous position to determine how his sentencing decision should be affected, if at all, by the therapy program in which defendant has enrolled. Not only is he acquainted with the needs of defendant and with her particular circumstances, but also he should have the added advantage of current in-

formation on defendant's progress towards rehabilitation. Accordingly, we affirm, but without prejudice to the right of defendant within 20 days to move the trial court for a reduction or change of sentence. *R.* 3:21–10(a).

Affirmed.

*For affirmance*—Chief Justice HUGHES, Justices JACOBS, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD and Judge COLLESTER—7.

*For reversal*—None.